HILL RIVKINS, LLP
45 Broadway
New York, New York 10006
(212) 669-0600
Attorneys For Defendant

United States District Court Southern District
Of New York
-----------------------------------------------------X
EUKOR CAR CARRIERS, INC.,

             Plaintiff,

   - Against -                                          INDEX NO.

DONGBU INSURANCE CO., LTD.                 12 CIV 8067 (CM)

             Defendant.
-----------------------------------------------------X

## ANSWER TO COMPLAINT

DEFENDANT DONGBU INSURANCE CO., LTD., (hereinafter "Dongbu") by its attorneys HILL RIVKINS, LLP, answering the complaint of EUKOR CAR CARRIERS, INC., (hereinafter "Eukor") alleges, upon information and belief, as follows.

    1.    Admits the allegations contained in paragraph 1 of the complaint.

    2.    Admits the allegations contained in paragraph 2 of the complaint.

    3.    Denies that the United States District Court For The Southern District Of New York is a proper venue for bringing this action.

    4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint.

    5.    Admits the incorporation and business addresses of defendant Dongbu Insurance Co. Ltd., and that defendant Dongbu is registered with the New York State Department Of Financial Services but except as so specifically admitted denies each and every other allegation contained in paragraph 5 of plaintiff's complaint.

    6.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint, but specifically denies that the terms and

conditions of WWL's bill of lading contract is the core of any dispute as between defendant Dongbu and plaintiff Eukor.

7.	This is a statement by plaintiff that does not require an admission or denial from defendant Dongbu, but Dongbu specifically refers to the terms and conditions of any WWL ocean bill of lading, which contract speaks for itself and specifically denies that United States law applies to the dispute between Dongbu and Eukor.

8.	Defendant repeats and realleges each of its admissions and denials set out in its answer to paragraph 7 of plaintiff's complaint and except as so specifically alleged, denies each and every other allegation contained in paragraph 8 of the complaint

9.	Admits defendant Dongbu instituted a lawsuit against plaintiff Eukor and against WWL in the Republic of Korea (hereinafter The "Korean Action"), and that defendant Dongbu is seeking damages in the amount of $2,340,384.08 plus "delay interest" at the rate of 20% per annum for loss and damage that occurred to certain cargo carried by defendant Eukor and WWL, and that an uncertified copy of the complaint in the Korean Action is annexed to the complaint, but defendant Dongbu specifically denies that the uncertified translation is a complete and correct translation of the complaint filed in the Korean Action. Except as so specifically admitted and denied, defendant Dongbu denies each and every other allegation contained in paragraph 9 of plaintiff's complaint.

10.	Admits that Dongbu started an arbitration proceeding against plaintiff Eukor and WWL in the Republic of Korea before the Korean Arbitration Board (hereinafter "Korean Arbitration"), and that that arbitration has been withdrawn pursuant to stipulation among Korean counsel, and, except as so specifically admitted denies each and every other allegation contained in paragraph 10 of the complaint.

11.	Admits that defendant Dongbu is a subrogated underwriter and, except as specifically admitted denies each and every other allegation contained in paragraph 11 of the complaint.

12.	Denies each and every allegation contained in paragraph 12 of the complaint.

13.	Denies each and every allegation contained in paragraph 13 of the complaint.

14.	Denies each and every allegation contained in paragraph 14 of the complaint.

15.	Denies each and every allegation contained in paragraph 15 of the complaint.

16.	Admits that Doosan Infracore Co., Ltd., (hereinafter "Doosan Korea") entered into

the Ocean Carrier Contract (hereinafter "OCC"), and that a copy of the OCC is annexed as Exhibit 3 to the complaint and, except as so specifically admitted, refers to the language of the OCC and denies each and every other allegation contained in paragraph 16 of the complaint.

17. Admits that Doosan executed the OCC and except as so specifically admitted refers to the OCC and denies each and every other allegation contained in paragraph 17 of the complaint.

18. Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 17 of the complaint, and except as so realleged, denies each and every other allegation contained in paragraph 18 of plaintiff's complaint.

19. Repeats, realleges and incorporates each and every allegation contained in the answer paragraph 17 of the complaint, and except as so realleged, denies each and every other allegation contained in paragraph 19 of plaintiff's complaint.

20. Admits that on or about July 27, 2011 bills of lading KR 1131949 and KR 1131944 were issued and that Exhibit 4 annexed to the complaint are true copies of those bills of lading and except as so specifically admitted denies each and every other allegation contained in paragraph 20 of the complaint.

21. Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 20 of the complaint and further admits that each bill of lading described a shipment of 22 cases CNC Lathe & Machining Center loaded aboard the M/V Grand Quest and specifically refers to said documents and, except as so specifically admitted denies each and every other allegation contained in paragraph 21 of the complaint.

22. Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 20 of the complaint, and, except as so specifically alleged denies each and every other allegation contained in paragraph 22 of the complaint

23. Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 20 of the complaint, and, except as so specifically alleged denies each and every other allegation contained in paragraph 23 of the complaint

24. Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 20 of the complaint, and, except as so specifically alleged denies each

and every other allegation contained in paragraph 24 of the complaint.

25.     Repeats, realleges and incorporates each and every allegation contained in the answer to paragraph 20 of the complaint, and, except as so specifically allegeddenies each and every other allegation contained in paragraph 25 of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the complaint.

27.     Admits that on or about July 28, 2011 the cargo described in paragraph 21 of the complaint was loaded aboard the M/V GRAND QUEST and except as so specifically admitted denies each and every other allegation contained in paragraph 27 of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the complaint.

29.     Admits that in the Korean Action defendant Dongbu alleged damage to the shipment described in paragraph 21 of the complaint, and refers to the complaint filed in fact action, and, except as so specifically admitted, denies each and every other allegation contained in paragraph 29 of the complaint.

30.     Admits that defendant Dongbu commenced the Korean Action and refers to the complaint filed in that action, and, except as so specifically admitted, denies each and every other allegation contained in paragraph 30 of the complaint.

31.     Admits that defendant Dongbu commenced the Korean Arbitration and refers to the complaint filed in that arbitration, and except as so specifically admitted, denies each and every other allegation contained in paragraph 31 of the complaint.

32.     Denies each and every allegation contained in paragraph 32 of the complaint.

33.     Admits that Dongbu withdrew the Korean Arbitration pursuant to stipulation among counsel, and further admits that the Korean Action is presently pending, and except as so specifically admitted denies each and every other allegation contained in paragraph 33 of the complaint.

## FURTHER ANSWERING PLAINTIFFS. FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

34.     Defendant repeats and realleges each and every admission, denial, denial upon

information and belief, and reference to documents hereinbefore set forth in response to defendants answer to paragraphs 1 through 33 of the complaint as if the same had been set forth herein, at length.

35.     Denies each and every allegation contained in paragraph 35 of the complaint.

36.     Denies each and every allegation contained in paragraph 36 of the complaint.

37.     Denies each and every allegation contained in paragraph 37 of the complaint.

38.     Denies each and every allegation contained in paragraph 38 of the complaint..

39.     Denies each and every allegation contained in paragraph 39 of the complaint..

**FURTHER ANSWERING PLAINTIFFS.
SECOND CAUSE OF ACTION FOR
INJUNCTIVE RELIEF**

40.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient knowledge or information, and reference to documents hereinbefore set forth in its answer to paragraphs 1 through 39 hereof as if the same were more fully set forth herein at length.

41.     Denies each and every allegation contained in paragraph 41 of the complaint.

42.     Admits filing the Korean Action, and except as so specifically admitted denies each and every other allegation contained in paragraph 42 the complaint.

43.     Admits filing the Korean Arbitration, and except as so specifically admitted denies each and every other allegation contained in paragraph 43 of the complaint.

44.     Denies each and every allegation contained in paragraph 44 the complaint.

**FURTHER ANSWERING PLAINTIFFS.
THIRD CAUSE OF ACTION FOR
BREACH OF CONTRACT**

45.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient knowledge or information, and reference to documents hereinbefore set forth in paragraphs 1 through 44 hereof as though the same were more fully set forth herein at length.

46.     Denies each and every allegation contained in paragraph 46 of the complaint.

47.     Denies each and every allegation contained in paragraph 47 of the complaint.

48. Denies each and every allegation contained in paragraph 48 of the complaint.

**FURTHER ANSWERING PLAINTIFFS.
FOURTH CAUSE OF ACTION FOR A
DECLARATION OF NON LIABILITY**

49. Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient knowledge or information, and reference to documents hereinbefore set forth in paragraphs 1 through 48 hereof as though the same were more fully set forth herein at length.

50. Admits that Dongbu has alleged damages in the amount of $2,340,384.08 in the Korean Action and Korean Arbitration, plus "delay interest" at a rate of 20% per annum, and, except as so specifically admitted denies each and every other allegation contained in paragraph 50 of the complaint.

51. Denies each and every allegation contained in paragraph 51 of the complaint.

52. Denies each and every allegation contained in paragraph 52 of the complaint.

53. Denies each and every allegation contained in paragraph 53 of the complaint.

54. Denies each and every allegation contained in paragraph 54 of the complaint.

**FURTHER ANSWERING PLAINTIFFS.
FIFTH CAUSE OF ACTION FOR A
DECLARATION THAT EUKOR'S LIABILITY
IS LIMITED TO $500 PER PACKAGE**

55. Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient knowledge or information, and reference to documents hereinbefore set forth in paragraphs 1 through 54 hereof as though the same were more fully set forth herein at length.

56. Admits that Dongbu is the subrogated underwriter and/or assignee of Doosan Korea and claims that the cargo was lost and/or damage during the voyage of the M/V Grant Quest, and, except as set this so specifically admitted denies each and every other allegation contained in paragraph 56 of the complaint.

57. Denies each and every allegation contained in paragraph 57 of plaintiff's complaint.

58. Denies each and every allegation contained in paragraph 58 of plaintiff's complaint.

**FURTHER ANSWERING PLAINTIFFS.
SIXTH CAUSE OF ACTION
FOR BAD FAITH**

59.     Defendant repeats an denies each and every allegation contained in paragraph through 58 of the complaint.

60.     Denies each and every allegation contained in paragraph 60 of the complaint.

61.     Denies each and every allegation contained in paragraph 61 of the complaint.

62.     Denies each and every allegation contained in paragraph 62 to the complaint.

63.     Denies each and every allegation contained in paragraph 63 of the complaint.

**FURTHER ANSWERING PLAINTIFFS COMPLAINT.
AND AS A FIRST AND COMPLETE AFFIRMATIVE DEFENSE**

64.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient information and references to documents hereinbefore set forth in paragraphs 1 through 63-hereof as though the same or more fully set forth herein at length..

65.     Plaintiff Dongbu instituted the Korean Action on or about November 30, 2011 and therefore the Korean Arbitration was filed prior to this or any other litigation and represents a prior action pending between the parties at the time of the institution of this action.

66.     By reason of the premises, this action should be dismissed in favor of the prior pending litigation in Korea.

**FURTHER ANSWERING PLAINTIFFS COMPLAINT.
AND AS A SECOND AND COMPLETE AFFIRMATIVE DEFENSE**

67.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient information and references to documents hereinbefore set forth in paragraphs 1 through 67-hereof as though the same or more fully set forth herein at length.

68.     The core of the Korean action is a dispute between Dongbu and Eukor over the failure of Eukor to fulfill its responsibility as a carrier as provided in paragraph 8 of the OCC.

69.     Paragraph 12 of the OCC provides that "[t]his contract shall be construed and

governed by the laws of the Republic of Korea."

70.     By reason of the premises the force and effect of any provision of the OCC, including the force and effect of any provision of any contract referred to or incorporated into the OCC must be determined under Korean law.

71.     Furthermore, Korean law will govern the contract of sale between Doosan Korea and Doosan US, as well as the assignment of rights from Doosan Korea to Dongbu.

72.     Because there is presently a pending action in Korea between the parties that will provide for a Korean court to determine the effect of Korean law on the OCC and the contracts incorporated into the OCC, as well as on the rights of Dongbu to institute and presecute the Korean Action, this court should decline jurisdiction on the grounds of comity.

**FURTHER ANSWERING PLAINTIFFS COMPLAINT.
AND AS A THIRD AND COMPLETE AFFIRMATIVE DEFENSE**

73.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient information and references to documents hereinbefore set forth in paragraphs 1 through 71-hereof as though the same or more fully set forth herein at length.

74.     The OCC was entered into between plaintiff's subrogor Doosan Korea and by reason of the premises, this action should be dismissed for forum non conveniens, and the matter should be dismissed or transferred to the Republic of Korea to be consolidated with the litigation pending in court.

**FURTHER ANSWERING PLAINTIFFS COMPLAINT.
AND AS A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE**

75.     Defendant repeats and realleges each and every admission, denial, denial for lack of sufficient information and references to documents hereinbefore set forth in paragraphs 1 through 74 hereof as though the same or more fully set forth herein at length.

76.     The OCC further provides in paragraph 12 that "[a]ll disputes not settled by amicable agreement may be referred to binding arbitration by either party. The arbitration shall be held in Seoul, Korea and conducted in accordance with the applicable rules of arbitration of Korean Commercial Arbitration Board."

77.     In accordance with paragraph 12, Dongbu commenced arbitration against Eukor on

November 30, 2011, but, upon the request of Eukor agreed to discontinue the arbitration in favor of proceeding with the Korean Action.

78.     By reason of the premises, Eukor has agreed to prosecute this dispute under the OCC in Korea and this action should be stayed pending the litigation in the Korean Action.

**WHEREFORE,** DEFENDANT DONGBU INSURANCE CO., LTD. respectfully prays:

    **A.**     THAT plaintiff's complaint should in all respects be dismissed or, in the alternative,

    **B.**     THAT this action be transferred to the Republic of Korea and consolidated with the action Korean Action presently pending in that jurisdiction, or in the alternative,

    C     THAT this action be stayed pending the outcome of the litigation in the Korean Action.

Dated:  New York, N.Y.
        December 12, 2012

                                      HILL RIVKINS, LLP
                                      *Attorneys for Defendant*

                                      By:_____
                                          Caspar F. Ewig
                                          cewig@hillrivkins.com
                                      45 Broadway, New York, N.Y. 1000
                                      Ph; 212 669 0600
                                      Fx: 212 669 0698